

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,798-01

### EX PARTE GONZALO NUNCIO GONZALEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2018-2123-C1A IN THE 19TH DISTRICT COURT
### FROM MCLENNAN COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to one count of assault against a public servant and one count of possession of a controlled substance, and was sentenced to five years' imprisonment for each count, to run concurrently. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On July 28, 2021, this Court remanded this matter to the trial court to allow that court to complete its evidentiary investigation and make findings of fact and conclusions of law. On August 26, 2021, this Court received the supplemental record including the trial court's findings of fact and conclusions of law. However, the supplemental record is still not sufficient to fully address

Applicant's claims.

Applicant alleges that the State withheld material, favorable evidence from the defense, and that had the State properly and timely disclosed the evidence, he would not have pleaded guilty but would have insisted on going to trial on the charges. Specifically, Applicant refers to video recordings from the dash cams and body cams of the arresting officers, which the defense requested multiple times prior to trial but was told did not exist. Some of those recordings were eventually provided by the State pursuant to a public information request filed by Applicant's habeas counsel.

According to Applicant, he consistently maintained that he did not assault the arresting officers, but was only trying to evade arrest or detention. Applicant alleges that trial counsel told him that if he went to trial on the charges, counsel could argue to the jury that the lack of video evidence was "suspicious" but that the jury would have to determine whether to believe Applicant or the officers. Applicant alleges that trial counsel advised him that a jury would be unlikely to believe his story and disbelieve the officers. Applicant eventually pleaded guilty to possession of a controlled substance and assault of a public servant in exchange for concurrent five-year sentences. According to the State's response, Applicant's decision to plead guilty to these two charges also meant that the State would not pursue charges of possession with intent to deliver controlled substance, possession of marijuana, forgery and evading arrest. However, the plea documents reflect that only the charge of evading arrest or detention was taken into account in sentencing. Applicant contends that the other charges were not pursued either because of a lack of evidence, or because they were referred to federal authorities who declined to prosecute.

The State concedes that the video recordings should have been but were not provided to the defense prior to the plea, but argues that the evidence contained on the recordings is not material and would not likely have changed the outcome of the proceedings. Although the video recordings do

not show the moment when Applicant was tackled by police and allegedly struck them, the recordings do contain various statements by the police officers that are inconsistent with the statements made in the police report, with regard to whether Applicant actually hit any of the officers and whether the officers' injuries were caused by contact with the road when they tackled Applicant, or by Applicant himself. The videos also suggest that another man who was present when Applicant was approached by police, Johnny O'Neal, may have witnessed the events. The videos also show that an unidentified man approached the scene just before Applicant fled from the officers, and may also have witnessed the events.

Although trial counsel submitted an affidavit in connection with Applicant's habeas application, in which he confirmed that the videos were requested but not provided to the defense, trial counsel's affidavit does not detail the investigation he performed or the advice he gave to Applicant with regard to pleading guilty or going to trial on the charges. More importantly, trial counsel's affidavit does not indicate whether he has watched the newly-disclosed videos, and whether any advice he provided to Applicant would have been different had the videos been disclosed to the defense prior to the plea.

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Specifically, trial counsel shall state what steps he took to investigate the offenses, and whether he was aware of and interviewed any potential witnesses, specifically including Johnny O'Neal. Trial counsel shall state what advice, if any, he provided to Applicant with regard to pleading guilty or going to trial on the charges, and as to what Applicant's chances of success at trial might be. Trial counsel shall state whether his advice would have been different had he seen the video recordings recently disclosed by the State before Applicant entered

his plea, and whether he would have used the recordings to attempt to negotiate a plea to a different offense, rather than assault on a public servant. Trial counsel shall state whether the State agreed not to pursue the additional charges of possession with intent to deliver a controlled substance, possession of marijuana, and forgery in exchange for Applicant's plea to these two counts, and if so, whether that agreement is reflected in writing. If the State did not agree not to pursue the additional charges as a condition of the plea agreement, trial counsel shall state whether he believed that the State could prove any or all of the additional charges, and whether a plea to or conviction for any of the additional charges would have carried the same immigration consequences as Applicant's plea to assault of a public servant.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant would have pleaded guilty to assault of a public servant but for the State's failure to timely disclose the video recordings. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.


Filed: December 8, 2021
Do not publish